WILLIAM GREEN, Doing Business as GREEN CONSTRUCTION COMPANY, Appellant, *v.* CITY OF NEW YORK, Respondent, et al., Defendants. (Action No. 1.)

WILLIAM GREEN, Doing Business as GREEN CONSTRUCTION COMPANY, Appellant, *v.* CITY OF NEW YORK, Respondent, et al., Defendants. (Action No. 2.)

First Department, March 30, 1954.

*Emanuel Harris* of counsel (*Max E. Greenberg,* attorney), for appellant.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Adrian P. Burke, Corporation Counsel,* attorney), for respondent.

CALLAHAN, J. In this consolidated action a contractor seeks recovery from the City of New York for extra work under two contracts for the rehabilitation of two multiple dwellings. The trial court dismissed various causes of action, and plaintiff appeals.

The second cause of action relating to the work on the building on Middagh Street, and the third cause of action in respect to the State Street building, both of which were dismissed, involve identical claims for extras.

The contract specifications permitted the plaintiff to use, at his option, plasterboard partitions in bathrooms. There were also certain general provisions in the contract that the contractor would comply with rules and regulations of the State affecting work of this character. It then provided: " This rule shall take precedence over any requirements of these specifications where a conflict occurs."

The department of housing and buildings ruled that plaster over lath, a more expensive method of construction than plasterboard, was required by the Multiple Dwelling Law in partitions enclosing bathrooms. Thereafter, the city officials in charge of the work delivered to plaintiff change orders duly executed modifying the specifications and agreeing to pay as an extra cost the additional sums required by the change. The approval was subject to audit by the comptroller and to all the terms and conditions governing the contract, and the contractor was directed to proceed in accordance with the change. Eventually, the comptroller refused to approve payment of these extras on the ground that the general provisions for compliance with the Multiple Dwelling Law prevailed so as to require plaster over lath construction despite the specifications allowing plasterboard as an optional method. The trial court ruled with the comptroller on these items and dismissed those two claims for extras. We disagree with this holding.

The city prepared the plans and specifications and asked for competitive bidding on the basis thereof. It could not be expected that the bidders would examine the various laws and building codes as to each item specified to see if the codes required some different method of construction. Such procedure would make the bidder's interpretation of the law rather than the specifications controlling. It would make the specifications so indefinite and uncertain as to destroy the validity of any contract awarded pursuant thereto. (*Brooklyn Ash Removal Co.* v. *O'Brien,* 238 App. Div. 647.) We find that the provisions of the contract did not eliminate the right to extra charges if a change order was issued requiring more expensive construction, even though the change was due to some legal requirement overlooked in the specifications.

Though we reverse the ruling of the trial court on this point of law, we may not direct a verdict for the plaintiff. There appears to have been some contention by the city that the quantities and prices in the change-over were excessive. The orders were subject to audit.

The remaining causes of action involved various alleged small items of extras as to which the Trial Justice held that plaintiff had not established the right to recover. Without discussing these items in detail, we find that in each instance the claim was established prima facie, and the issues of fact with respect thereto should have been submitted to the jury.

The judgment, insofar as appealed from, should be reversed, with costs to appellant to abide the event, and a new trial ordered.

DORE, J. P., COHN, BREITEL and BOTEIN, JJ., concur.

Judgment, so far as appealed from, unanimously reversed, and a new trial ordered, with costs to the appellant to abide the event.